MADDALENA VOLLARO *vs.* SALVATORE GARGANO.
SALVATORE GARGANO *vs.* SALVATORE VOLLARO ET UX.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A finding that the plaintiff's claims had no foundation in fact, unless corrected, is decisive of the case, whether the conclusions of law reached by the trial court were correct or not.

The rule that the law will not aid one to regain property which he has conveyed away in fraud of creditors, obviously has no application unless it appears that he had creditors.

The defendants claimed that the plaintiff's laches precluded him from asserting his right to the real estate in question, and also that he had waived such right.   *Held* that upon the finding these were not even arguable points.

In a suit to recover damages for the wrongful refusal of a voluntary grantee to reconvey the premises to the grantor upon demand, the measure of damages is the value of the premises at the date of the demand with interest thereon to the time of judgment; and therefore a judgment based simply upon the amount paid for the property, with interest, is erroneous.   In such a situation there is no

occasion to retry the entire case. The value of the premises at the time of the demand should be found on a rehearing, and judgment should be rendered for such sum with interest.

Argued January 19th—decided February 21st, 1922.

ACTION to recover the value of board and lodging, and for damages for alleged deceit inducing the conveyance of an interest in real estate, brought to and tried by the Superior Court in New Haven County, *Hinman, J.;* facts found and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

ACTION to recover damages for the alleged wrongful refusal of the defendant Maddalena Vollaro to convey certain real estate to the plaintiff, and for other relief, brought to and tried by the Superior Court in New Haven County, *Hinman, J.;* facts found and judgment rendered for the plaintiff for $590 as against the defendant Maddalena Vollaro, from which both defendants appealed. *Error and new trial ordered.*

In Vollaro v. Gargano, the plaintiff sought to recover, in count one, for board and lodging furnished defendant; and in count two, for damages suffered through the fraud of the defendant in inducing her to transfer to him one half of certain premises situated on Wallace Street, New Haven.

In Gargano v. Vollaro *et ux.,* the plaintiff sought to recover damages for the refusal of defendant Maddalena Vollaro to convey to plaintiff the other half of said premises, the whole of which had been purchased by funds of plaintiff, and the actual and beneficial ownership of which had always remained in plaintiff.

The finding in Vollaro v. Gargano is that the board and lodging, which was the subject of count one, had been fully paid; and that the one-half interest in the premises referred to in count two had been transferred to Gargano upon his demand, and that the circum-

stances detailed in the finding did not support the fraud as charged in count two.

The facts in Gargano v. Vollaro *et ux.* are substantially the same as found in Vollaro v. Gargano, as respects the purchase, transfer and use of these premises. On August 3d, 1916, Gargano purchased these premises and paid on account of the purchase price $1,085, and had the title placed in the name of Maddalena Vollaro, being induced thereto by the friendly relations existing between them, and by her representations and that of others that he was liable to have his property attached for a claimed tort of his deceased wife. The title continued in Maddalena Vollaro and she continued in the use of the property until November 4th, 1919, when Gargano made demand upon her that she convey the title to this property to him. Thereupon she conveyed a one-half interest, but refused to convey the remaining one half. Neither defendant paid any portion of the purchase price of these premises, and the conveyance to Maddalena Vollaro was wholly voluntary.

*George E. Beers,* with whom was *Carl A. Mears,* for the appellants (plaintiff in first case, defendants in second).

*Raymond E. Baldwin,* with whom was *Philip Pond,* for the appellee (plaintiff in second case, defendant in first).

WHEELER, C. J.  The finding of facts in Vollaro v. Gargano required the judgment which was rendered, regardless of whether the conclusions of law reached by the court were correct or not.

The assignment of errors in the appeal in Gargano v. Vollaro may be reduced to four: that Gargano

cannot sustain his action because, (1) the property for the refusal to transfer which he seeks to recover damages, was transferred to avoid an attachment on a tort claim against his deceased wife; (2) his laches precludes him from asserting his right to this half of these premises; (3) the circumstances found estop him from making claim to this half and constitute on his part a waiver of his right to make such claim; and (4) the measure of damages adopted by the court was wrong.

It is not found that when Gargano transferred these premises he had any creditors, consequently the rule invoked has no application.

The claims of laches and waiver are not, upon the finding made, even arguable points.

The only serious question in the case is as to whether the court adopted a measure of damages which can be upheld by our law. The court took one half of the amount paid by Gargano for this property in 1916, and added to this sum the interest thereon from the date defendants wrongfully refused to retransfer this half of the premises. Upon the facts found, the plaintiff would have been entitled to a reconveyance of these premises had his prayers for relief contained such claim. As he merely claimed money damages, he was entitled to the value of the half of these premises from the date of his demand for a reconveyance, together with interest thereon from the date of demand. The amount paid for the premises may or may not measure this value.

The finding fails to find the value of this half interest at any time so that, so far as the record discloses, there was no basis of value before the court from which it could render a money judgment. The plaintiff likens the rule of damage to that in a case of conversion which had occurred at the date of transfer. There is no similitude. The finding does not show

that Mrs. Vollaro received the premises or held or used them in any way wrongfully, until she refused to meet plaintiff's demand for a reconveyance. There is no occasion to retry the case. A finding of the value of the premises on November 4th, 1919, should be made, and judgment thereupon rendered for plaintiff for such sum with interest from such date.

There is error and a new trial is ordered for the finding of the value of said half on November 4th, 1919, and judgment is thereupon directed to be rendered for such sum with interest thereon from November 4th, 1919.

In this opinion the other judges concurred.